IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES MORROW, and
FLORA MORROW,

    Plaintiffs,

v.                              CASE NO. 5:10-cv-000137-RS-GRJ

GREENSOUTH EQUIPMENT, INC.,
d/b/a GREENSOUTH
EQUIPMENT-TALLAHASSEE,
DEERE & COMPANY, d/b/a JOHN
DEERE, and JOHN DOE
COMPANY/MANUFACTURER,

    Defendants.
_____/

## ORDER

Pending before the Court is Plaintiffs' Amended Motion And Memorandum In Support To Compel And For Sanctions For Failure To Answer Deposition Question, And Alternatively Motion To Strike Testimony (Doc. 16). Defendant Deere & Company ("Deere") has filed a memorandum in opposition (Doc. 20) and, therefore, the motion is ripe for consideration. For the reasons discussed below Plaintiff's Amended Motion to Compel is due to be **DENIED**.

### I. Introduction

Plaintiffs request the Court to enter an order compelling Kirk Ney – Defendant's expert and a current Division Engineer with Deere – to disclose information concerning his compensation as a full time salaried employee of Deere. Alternatively, Plaintiffs request the Court to strike Ney's deposition testimony and disallow the testimony from being used at trial.

The issue arose during the November 4, 2010 deposition of Mr. Ney in Davenport, Iowa. (Doc. 20 Ex. A. p. 1.) During the deposition Plaintiffs' counsel asked Mr. Ney: "How much are you paid on an annual basis?" *Id.* at p. 4. Deere's counsel objected to the question and after consultation advised that Ney would not provide information as to his salary. *Id.* Deere's counsel, however, advised that Ney was "willing to talk specifically about any compensation that he's received in connection with this case specifically or any incentives that he receives in connection with this case specifically." *Id.* at pp. 4-5.

## II. Discussion

The starting point for the analysis is the applicable rule. Fed. R. Civ. P. 26(a)(2) requires a party to disclose to other parties the identity of any witnesses it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705. Rule 26(a)(2)(B) also provides that disclosure must be accompanied by a written report prepared and signed by the witness if the witness has been retained or specially employed to provide expert testimony or is someone whose duties as a party's employee regularly involve giving expert testimony. The expert's written report must include, among other things, "a statement of the compensation to be paid for the study and testimony in the case."

The issue before the Court is whether the requirement that a party disclose the compensation paid to an expert includes the obligation to disclose the annual salary and employee compensation of the expert witness where the expert is also an employee of the party on whose behalf the expert is testifying. The answer is no – a party is not required to disclose the annual employee compensation of an employee-

expert where, as here, the compensation is not tied to nor dependent upon the opinions offered.  There is a simple and pragmatic reason for this. The reason a party is obligated under Rule 26(a)(2)(B) to disclose "the compensation to be paid for the study and testimony" of the expert is to allow the opposing party to demonstrate and explore the bias of the expert. For example, if the expert was paid an hourly rate well above the prevailing rate for an expert a party would be able to argue to the jury that the compensation should be taken into account in assessing the credibility of the expert.

On the other hand, where the expert is a full time salaried employee of the party offering the opinion of the expert –  like Mr. Ney –  the amount of the expert-employee's salary - as opposed to the mere fact the expert is an employee – would make no difference regarding bias so long as the salary and benefits are not tied in any way to the opinions offered by the employee-expert.  <u>Porter v. Hamilton Beach/Proctor Silex, Inc.</u>,  No. 01-2970-MAV, 2003 WL 22385679, at *1 (W.D. Tenn. Aug. 27, 2003)(Plaintiff's motion to compel denied where employee-expert refused to answer deposition question requiring expert to disclose current annual salary and the value of expert's 401(k) plan.)

In Ney's written report dated September 29, 2010 – which was served on October 15, 2010 before Mr. Ney's deposition – Mr. Ney expressly disclosed that he is a salaried full time employee of Deere and is not receiving separately any hourly fees for his opinions. Doc. 16, Ex. B, p. 6.  In addition, during the deposition Mr. Ney specifically offered to provide testimony as to "compensation that he's received in connection with this case specifically or any incentives that he receives in connection with this case specifically." Doc. 20., Ex. A, pp. 4-5.  Thus, any bias Mr. Ney may have

3

because he serves as an employee and expert can be explored adequately by Plaintiffs' counsel on cross-examination without the need to know the annual salary of Mr. Ney. The jury can be fully advised that Mr. Ney has an interest in the outcome of the case because he is a full time salaried employee and not an independent expert. The amount of Mr. Ney's annual salary, however, is of no consequence and is not discoverable because the information would not tend to demonstrate bias.

Accordingly, because Mr. Ney is not required to disclose his annual salary, Plaintiffs' motion to compel Mr. Ney to answer this question at deposition and Plaintiff's alternative request to strike Mr. Ney's testimony for failure to disclose the amount of his annual salary are due to be denied.[1]

Lastly, although Plaintiffs' argument in support of their motion to compel was thin the Court, nonetheless, concludes that Defendant's request pursuant to Rule 37(a)(5)(B) for an award of reasonable expenses, including attorney's fees, incurred in opposing Plaintiffs' Motion to Compel is due be denied. While Rule 37(a)(5)(B) provides that if a motion to compel is denied the Court *must* require the moving party to pay the reasonable expenses in opposing the motion, including attorney's fees, the Court is not required to do so where the motion "was substantially justified" or "other circumstances make an award of expenses unjust." The Court concludes that the issue regarding the

---

[1] Plaintiffs' request that this Court strike Ney's deposition testimony and disallow its use at trial also is not well-founded. Fed. R. Civ. P. 37(b)(2)(A)(iii) permits a court to strike a pleading in whole or in part if a party or witness fails to obey a court order to provide or permit discovery. Because the Court has not entered an order compelling Deere to provide the information Plaintiffs were not entitled to this relief even if they were successful on their motion to compel. Plaintiffs also request a limited continuance of the discovery deadline in this case, which is unnecessary since Ney provided all the required information as to his compensation in his expert report

limits on discovery of the compensation of an employee-expert is somewhat narrow and unique and, therefore, because of the unique circumstances surrounding this issue the award of expenses in this case would be unjust.

Accordingly, it is hereby **ORDERED:**

(1) Plaintiffs' Amended Motion And Memorandum In Support To Compel And For Sanctions For Failure To Answer Deposition Question, And Alternatively Motion To Strike Testimony (Doc. 16 ) is **DENIED**.

(2) Defendant's request for attorney's fees is **DENIED**.

(3) The Clerk is also directed to terminate as a pending motion Plaintiff's Motion And Memorandum In Support To Compel And For Sanctions For Failure To Answer Deposition Question, And Alternatively Motion To Strike Testimony (Doc. 15) because it is moot.

**DONE AND ORDERED** at Gainesville, Florida this 7th day of December 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge